WILLIAM SEWELL SOREY v. W. L. NORTHERN.

(Filed 29 February, 1956.)

APPEAL by defendant from *Morris, J.,* at December 1955 Term, of PASQUOTANK.

Civil action instituted 11 July, 1951, to recover for injury to person, and damage to property arising out of collision on 22 August, 1948, between motor vehicles, allegedly resulting proximately from acts of negligence of defendant.

By consent of all parties hearing was had initially in term time before judge of Superior Court in lieu of the clerk of Superior Court, upon

motions of defendant filed on 7 November, 1951, 10 January, 1952, 3 September, 1952, and 4 September, 1952, to dismiss the action for defect in the chain of process allegedly effecting discontinuance of the action.

The trial judge made thirty-nine findings of fact beginning with the issuance of summons to sheriff of Currituck County on 11 July, 1951, and the filing of complaint on the same date, and the return of the sheriff that defendant was not to be found in Currituck County, and concluding with service of *pluries* summons and complaint upon defendant by sheriff of Dare County on 5 August, 1952,—and finding "that there has been a continuous chain of *alias* and *pluries* summonses issued within 90 days of the preceding summons, *alias* or *pluries,* dating back to the original summons on July 11, 1951." The motions of defendant in respect to findings of fact as to form and procedure pertaining to the several links in the chain were denied, and to the judgment in accordance therewith defendant excepts and appeals to Supreme Court and assigns error.

*Wilson & Wilson for Plaintiff Appellee.*
*LeRoy & Goodwin for Defendants, Appellants.*

PER CURIAM. While defendant challenges the findings of fact made by the trial judge as to the several links in the chain of process, concluding as above set forth, such findings are supported by the record and are in keeping with well established principles of law and procedure effective in this State. A detailed narrative of events would serve no useful purpose. The judgment signed follows the facts found as a matter of law.

Affirmed.